Judge Napton
delivered the opinion of the court.
The declaration in this case is upon a judgment of the circuit court of Shelby county, Tennessee, for $125 and costs rendered in 1845. The declaration sets out the judgment under aproutpatet per recordara, as a judgment for $125, together with the plaintiff’s costs in that behalf expended, which are averred to amount to the sum of ten dollars.
The record offered in evidence under the statutory general issue, showed a judgment for $125 and costs, but no amount of costs wasspe *487 cified in the judgment or taxed by the clerk in the record, as prescribed by the bill of exceptions.
The record shows that there was issued a writ of subpoena, directed to the sheriff of Shelby county, to summon the defendant to appear before the circuit court for that county on a day named therein ; that said writ was duly executed, and that Lackland failed to appear; that a judgment nisi was entered against him for $125, agreeably to the laws of Tennessee; that a scire facias was duly issued and placed in the hands of the deputy sheriff, and by him duly and legally executed upon said Lackland; and thereupon a judgment was given for the said sum of $125 and costs.
No objection was taken to the authentication of the record.
The principal objection made in this court to the validity of the Tennessee judgment, is based upon the fact that the writ of scire facias was served upon Lackland by a deputy sheriff, which service it is contended both by the law of Tennessee and of this State, is a nullity. The objection, in our opinion, is not tenable. The record states that the writ was duly and legally executed by R. A. Allen, deputy sheriff of Shelby county, upon the defendant. This is certified to us by the court of Tennessee which tried the case. We do not pretend to know more of the laws of Tennessee than her own courts. What authority a deputy sheriff may exercise in that State cannot be judicially known to our courts. The record is evidence that the defendant was duly served with notice according to the laws of Tennessee.
It will be observed that there was no evidence offered in this case to rebut the record, Certainly it has never been maintained any where, that where the record of a court shows a service of process, a court of a neighboring State before which the validity of the judgment comes in question, will undertake to enquire into the legality oí the form of service or form of the writ, without a special plea, making an issue upon the fact of notice. The record is certainly prima facia evidence in all cases. It has been questioned whether the fact of notice can be disputed at all, when the record sets forth a notice. However this may be, there must be a special plea, or under our late statutory plea, there must be evidence offered to contradict the record on this point'.
In the present case, there was no evidence offered, either to show that there was no service, or to show that by the laws of Tennessee there was no such officer as a deputy sheriff, or if such, that he had no power to return writs in his own name. Of these matters we can know nothing.
*488 Another objection is m'adfe to the record, because the comm'j'Mon of the special judge who tried this case is not underthe great seal of 'State as reqiiirfed by the laws of Tennessee. The same answer applies to this objection as did to the former. The laws of Tennessee are not in evidence.
The third objection relates to the question of variance. The judgment exhibited was for $125 and $10 costs. This variance under the previohs decisions of this court is fatal. In the case of Warder vs. Evans, (2 Mo. R. 205) the declaration averred a judgment for $420 £2, and for'the further sum t>f $17 61 costs, and the judgment offered in evidence was for $420 52, and generally for costs ; but it appeared by bill of exceptions that the costs taxed by the clerk, as'certified in the record, amounted to the sum of $17 61, and this court, therefore, held there was-no variance. In Wash vs. Foster, (3 Mo. R. 205) asimilar objection was taken and sustained, because the costs taxed were not 'sub pede ■sigilli; that is, were not in tlie(-record as certified by the bill Of excep"tiofis. There is no difference between the ease of Wash vs. Foster and the present 5 the record, as preserved by the bill of exceptions, contains no taxation'of costs. It cannot be doubted that this variance cannot he ■cured by amending the declaration after judgment. The amendment does not belong to any class enumerated in that article of our practico act which includes the old statute of feofails. The issue was materially altered by this amendment. For this reason th;e cause will be remanded*. •Judgment reversed-.